IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CRAIG J. CESAL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−1064−SMY |
| | ) | |
| **DOUGLASS ANTHONY KRUSE,** | ) | |
| **KIM SCHNEIDER,** | ) | |
| **ELIZABETH MILLS,** | ) | |
| **RENNA KELLY,** | ) | |
| **J. JOLLIFF,** | ) | |
| **TASHA JOHNSON,** | ) | |
| **ASHLEY KNEBEL,** | ) | |
| **BETTY ULMER,** | ) | |
| **PAUL KELLEY,** | ) | |
| **LOUISE BOWAN, and** | ) | |
| **FEDERAL BUREAU OF PRISONS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Craig Cesal, an inmate in Federal Correctional Institution-Terre Haute ("Terre Huate FCI"), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff seeks compensatory damages, punitive damages and injunctive relief. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

This case arises out of events at Federal Correctional Institution - Greenville ("Greenville"), which is located in this judicial district. The following are the relevant allegations of the Complaint (Doc. 1). Plaintiff was housed at Greenville from March 21, 2011 until March 16, 2015. On September 19, 2014, the prison's Clinical Director, Defendant Douglass Kruse, ordered an end to the provision of diabetic snacks. Plaintiff alleges that this decision was problematic for him because dinner is served at 4:30 pm and breakfast is served at

7:00 am, creating a fourteen and a half hour gap between meals. During this gap, Plaintiff had a tendency to experience low blood sugar levels (hypoglycemia).

Defendant Mills noted that Plaintiff was hypoglycemic on September 22, 2014, but provided no treatment. Mills directed Plaintiff to report further hypoglycemic events to medical.

Plaintiff did so the next morning on September 23, 2014.  Defendant Schneider was called at 3:00 am, and examined Plaintiff at 10:00 am.  Schneider terminated Plaintiff's glyburide prescription at that time.  Glyberide causes the pancreas in a Type II diabetic to secrete adequate insulin.  Schneider told Plaintiff that treating low blood sugars with food alone was inappropriate and that a medication adjustment was a better, long term solution. Schneider also terminated Plaintiff's pain medication for his sciatica during the same visit.  Schneider was angry and wrote an incident report dated September 23, 2014 which charged Plaintiff with possessing ibuprofen, after she cancelled the prescription.

As a result of the medication change, Plaintiff's blood sugar levels soared.  From September 23, 2014 until March 16, 2015, the prison's registered nurses checked Plaintiff's blood sugars twice daily and recorded numerous measurements of over 400 and 500 units.  An acceptable range is between 70 and 120 units. None of the nurses provided Plaintiff with any treatment for his high blood sugar levels.  Defendant Kelly measured Plaintiff's blood sugar between September 23, 2014 and March 16, 2015.  Specifically, she noted a level of 438 on November 11, 2014 and a level of 448 on November 14, 2015, but provided no treatment on either of those days.  Defendant Jolliff measured Plaintiff's blood sugar at 436 on November 11, 2014, but provided no treatment. Defendant Johnson took a blood sugar reading of 449 on November 2, 2014, but provided no treatment. Defendant Knebel took a blood sugar reading of 488 on November 23, 2014, but provided no treatment.  Defendant Ulmer measured Plaintiff's

blood sugar at 482 on November 1, 2014, but provided no treatment. Defendant Kelley took a blood sugar reading of 448 on November 14, 2014, but provided no treatment  On December 14, 2014, Defendant Bowen took a blood pressure reading of 201, but provided no treatment.

Plaintiff received an incident report from Defendant Kruse for refusing to sign a refusal of treatment form on October 22, 2014. He received another incident report from Defendant Kelley on February 20, 2015 for refusing to obey a direct order, refusing to program and insolence.  Defendant Kelley charged that Plaintiff lined up for insulin so that he could be one of the first to eat supper.

Plaintiff asserts that as a result of the mistreatment for his diabetes, he has suffered damage to his eyes and kidneys, impotence, pain in his feet and discoloration in his legs.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into four counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The following claims survive threshold review:

**Count 1 – Defendants Kruse, Schneider, Mills, Kelly, Jolliff, Johnson Knebel, Ulmer, Kelley, and Bowen were deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when they refused to adequately treat his condition;**

**Count 2 – Defendant Schneider was deliberately indifferent to Plaintiff's sciatica when she cancelled his ibuprofen prescription on September 23, 2014;**

**Count 3 – Defendants Schneider, Kruse, and Kelley retaliated against Plaintiff by issuing disciplinary reports against him;**

**Count 4- The Federal Bureau of Prisons lacks a policy, which encourages staff to retaliate against inmates who file for administrative remedies, and approves of the use of denial of medication as punishment against inmates who file for administrative remedies.**

Plaintiff has also attempted to bring other Counts, but for the reasons elucidated below, these claims do not survive threshold review.

A *Bivens* action is the federal equivalent of a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, the Court frequently refers to Section 1983 case law in its analysis. *See Hartman v. Moore,* 547 U.S. 250, 254 n.2 (2002) (noting that with limited exceptions, "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983"); *Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

As to **Count 1**, Plaintiff has stated a viable deliberate indifference claim against all named Defendants.  In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Here, Plaintiff has alleged that he has been diagnosed with diabetes, a serious medical condition. He has further alleged that Defendants Kruse and Schneider took steps that caused his diabetes to worsen and that when the other Defendants performed tests that showed that Plaintiff's diabetes was uncontrolled, they did nothing. This is sufficient at the pleading stage and Plaintiff's claims for deliberate indifference to his diabetes will proceed.

The same analysis applies to **Count 2**. Plaintiff has alleged that he suffers from sciatica, a chronic pain condition. He has further alleged that Defendant Schneider canceled his prescription medication meant to treat that pain. The Complaint implies that Schneider did so because she was angry at Plaintiff and not for any legitimate medical reason. That is sufficient for **Count 2** to proceed against Defendant Schneider.

However, Count 3 must be dismissed without prejudice. To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Id.*

Here, Plaintiff has not adequately identified what protected conduct he engaged in that drew the alleged retaliation. In fact, he has not denied that he engaged in the conduct for which the incident reports were written. For example, he alleges that he was issued an incident report for failing to sign a medication refusal, but does not actually allege that he signed the refusal. Plaintiff must identify the specific conduct that formed the reason for the retaliation. As Plaintiff has not identified any reason, this claim will be dismissed without prejudice at this time.

Finally, Plaintiff has attempted to state a claim against the Bureau of Prisons. Although *Bivens* authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers, it does not permit suit against the federal agency itself. *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 69–70, (2001); *FDIC v. Meyer,* 510 U.S. 471, 484–86 (1994); *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). Therefore Count 4 will be dismissed with prejudice.

### Disposition

**IT IS ORDERED THAT COUNTS 1** and **2** survive threshold review and service shall be ordered accordingly.

**IT IS FURTHER ORDERED** that **COUNT 3** is **dismissed without prejudice** for failure to state a claim upon which relief can be granted. **COUNT 4** is **dismissed with prejudice**. Defendant Bureau of Prisons is **dismissed with prejudice**.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Kruse, Schneider, Mills, Kelly, Jolliff, Johnson, Knebel, Ulmer, Kelley, and Bowen :  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this

Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Daly for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: November 7, 2016**

s/ STACI M. YANDLE
**U.S. District Judge**