IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG. J. CESAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv–1064–SMY |
| | ) | |
| DOUGLASS ANTHONY KRUSE, | ) | |
| KIM SCHNEIDER, | ) | |
| ELIZABETH MILLS, | ) | |
| RENNA KELLY, | ) | |
| J. JOLLIFF, | ) | |
| TASHA JOHNSON, | ) | |
| ASHLEY KNEBEL, | ) | |
| BETTY ULMER, | ) | |
| PAUL KELLEY, and | ) | |
| LOUISE BOWEN | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court on Plaintiff's Motion for Reconsideration. (Doc. 16). Plaintiff originally filed suit on September 21, 2016. (Doc. 1). The Court screened the case pursuant to § 1915A and entered an Order on November 7, 2016, allowing Plaintiff's deliberate indifference claims to proceed, but dismissing Plaintiff's retaliation claim (Count 3) without prejudice for failure to state a claim and dismissing Plaintiff's claim against the Bureau of Prisons ("BOP") (Count 4) with prejudice. (Doc. 5). Plaintiff now asks the Court to reconsider its dismissal of Counts 3 and 4. (Doc. 16). The present motion was filed on December 2, 2016. (Doc. 16). For the following reasons, Plaintiff's motion is **DENIED**.

1

## The Motion

Plaintiff first asserts that his retaliation claim was wrongfully dismissed in the Threshold Order. (Doc. 16, p. 2). Specifically, he contends that he adequately pled this claim on page 2 of his Complaint by asserting: "Defendants also retaliated against Plaintiff's actions to seek Administrative Remedy of the lack of diabetes care and lack of pain management by charging multiple disciplinary reports alleging that Plaintiff violated the prison's prohibited acts." *Id.* Plaintiff also contends that the Court should have considered the Memorandum that he submitted 17 days after he filed the Complaint (Doc. 16, pp 2-3) which alleged "Defendants Kruse, Schneider, and P. Kelley file disciplinary reports against the Plaintiff in retaliation for his complaints about their conduct both in Administrative Remedy requests, complaints to the regulatory agencies of the State of Illinois, the complaints to members of the U.S. House of Representatives." *Id*. He argues that the statements in the Complaint and the later-filed Memorandum are sufficient to state a claim. (Doc. 16, p. 3).

Plaintiff also argues that his *Monell* claim against the BOP was improperly dismissed because he is not seeking damages (which would be barred by the Eleventh Amendment). *Id.* He maintains that he should have been permitted to proceed against the BOP on his claims for injunctive and declarative relief. (Doc. 16, pp. 3-4).

## Discussion

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. However, the Seventh Circuit has approved of district courts construing motions under the standards in Rule 59(e) or Rule 60(b) if it appears a party is requesting relief available under those rules. *U.S. v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992)

Rule 59(e) provides a basis for relief, where a party challenges the Court's application of the law to the facts of the case. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174-76 (1989). Typically, Rule 59(e) motions are granted upon a showing of either newly discovered evidence not previously available or evidence in the record that clearly establishes a manifest error of law or fact. *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1121 n.3 (7th Cir. 2001). Here, Plaintiff has specifically invoked F.R.C.P. 59(e) and filed his motion within the time period contemplated by that Rule. The Court will therefore evaluate the motion under the Rule 59(e) standard.

As an initial point, Plaintiff has pointed to his Memorandum in Support that he filed on October 7, 2016 as a source for the sufficiency of some of the complaint allegations. (Doc. 3). The Court did not consider the Memorandum during threshold review because it is not a proper filing. While the Local Rules for the Southern District of Illinois permit and even require briefs in support of certain motions, SDLR 7.1 (c), there is no corresponding provision for complaints and amended complaints. Nor do the Federal Rules of Civil Procedure contemplate memoranda in support of complaints. Fed. R. Civ. P. 7. The District's civil complaint form does suggest that prisoners may file a separate memorandum of law, but the anticipation is that a memorandum would only address legal argument and would be filed contemporaneously with the complaint as an exhibit. Plaintiff's memorandum was filed 17 days after the complaint. While Plaintiff's Memorandum does contain some legal argument starting on page 9, the remainder of the 14 page document is merely a restatement of the facts set forth in the Complaint. As such, Plaintiff's Memorandum is not the type of pleading contemplated by the District's civil complaint form.

Moreover, the Memorandum contains a new statement of claim, with some differences. In particular, while the Complaint only references Plaintiff's use of the administrative grievance

process, the Memorandum states that he engaged in the administrative grievance process, wrote to Illinois state regulatory agencies and wrote to his U.S. representative(s). This creates a conundrum for the defendants as to which version of the facts is the official version for the purposes of this lawsuit. Obviously, it would be unfair to allow the plaintiff to assert different versions of the facts to choose between later when the advantages of a particular version are clearer.

The Court could have treated the Memorandum as an amended complaint, but this Court does not permitted piecemeal amendments. The Local Rules are quite clear that any amended complaints must contain all claims a litigant wishes to present, with any new material underlined. SDLR. 15.1. Further, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). Thus, if the Court was to construe the Memorandum as an amended complaint, the original complaint would be rendered void – a result that Plaintiff clearly did not intend, as he continues to refer to the original complaint. The Court was correct in not construing the Memorandum as part of the Complaint, and it will disregard any arguments in the Motion to Reconsider that refer to the Memorandum.

To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). The Court's first stated reason for dismissing Plaintiff's retaliation claim was that Plaintiff failed to identify the protected conduct that allegedly resulted in retaliation. In his

4

motion, Plaintiff asserts that the Complaint specifically states that he used the administrative remedy process. That is correct, but that statement, standing alone, is conclusory. The only portion of the Complaint where Plaintiff discusses his attempt to use the administrative remedy process is paragraph 16. There, he alleges that he asked for 3 administrative remedies, and notes the dates those remedies became final. However, it is not clear from the Complaint that any of defendants allegedly retaliated against Plaintiff on the basis of those administrative remedies.

For example, Plaintiff alleges that Kim Schneider retaliated against him based on an incident report she filed on September 23, 2014. In order to state a claim against Schneider, Plaintiff would have had to engage in protected conduct prior to that date. But the Complaint doesn't state that Plaintiff engaged in any protected conduct prior to September 23, 2014. The earliest date that Plaintiff mentions in connection to administrative remedies is November 23, 2015 (#796525). In his motion, Plaintiff states that it takes a year to get an answer on his administrative remedy, implying that he filed #796525 in late 2014, but he does not explicitly allege in his Complaint that he filed for the remedy against Schneider prior to when she wrote an incident report on him.

The same is true for the other incident reports and administrative remedies described in the Complaint. Plaintiff does not specifically state when he filed administrative remedy #796838 and #799451. As such, whether he took those actions prior to the other incident reports at issue, which were filed on October 22, 2014 and February 20, 2015, is a matter of conjecture and speculation. A Complaint should at least allege a chronology of events from which retaliation may be inferred. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). By failing to do so, Plaintiff has failed to sufficiently allege that retaliation was a motivating factor for Defendants' conduct.

5

Additionally, Plaintiff does not allege that the reports were fabricated, nor does the Complaint suggest that other inmates who engaged in similar conduct were not disciplined. Plaintiff merely proffers his own subjective opinion that the reports were unjustified. Given the lack of allegations on these points, coupled with the lack of specific allegations regarding Plaintiff's protected conduct, it is impossible to conclude that Plaintiff's retaliation claim crosses the line from "possible" to "plausible." For all of the above reasons, the Court's determination that Plaintiff did not adequately plead a retaliation claim was not in error.

Finally, the Court dismissed Plaintiff's retaliation claim without prejudice. Therefore, if Plaintiff can provide more facts as that would make his retaliation claim plausible, he can move to file an amended complaint. The amended complaint should contain the claims already proceeding in this lawsuit—Counts 1 and 2—along with any facts in support of Count 3.[1] For example, Plaintiff alleged in his Memorandum that his protected conduct also took the form of writing letters to regulatory agencies and his congressperson. If Plaintiff wishes the Court to consider those facts when evaluating whether he has sufficiently stated a retaliation claim, he should set his allegations and the related facts with particularity. Plaintiff should also provide details about any and all protected conduct that he engaged in—including when it occurred and whether a defendant was specifically mentioned.

The Court now turns to Plaintiff's contention that his claims against the BOP should not have been dismissed. The Court dismissed those claims on the grounds that a federal agency cannot be sued for monetary damages pursuant to *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994). Plaintiff argues that he still has viable claims against the BOP for declarative and injunctive relief.

---

[1] This is not meant to be a limitation. Plaintiff may also bring any other related claims.

Case law forecloses Plaintiff's argument on this point. In *Janis v. United States*, a federal prisoner argued that he should be permitted to pursue an injunction against the United States to keep prison officials from retaliating against him. 162 F. App'x 642, 643 (7th Cir. 2006) ("The goal of his suit is an injunction 'to stop prison officials and employees from hindering . . . plaintiff from redressing his grievances and punishing him' based on their content."). The Seventh Circuit upheld the district court's dismissal of the claim against the United States on the basis of sovereign immunity, despite the fact that the plaintiff was seeking injunctive relief, not damages. 162 F. App'x at 643-44. There is no distinction between Plaintiff's request for an injunction against the BOP the plaintiff's request against a protected defendant in *Janis*. Injunctive relief is also unavailable against the individual defendants because Plaintiff has transferred prisons and is no longer in their custody and control. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Accordingly, the Court's dismissal of Plaintiff's claim was warranted.

## Disposition

Plaintiff's Motion for Reconsideration (Doc. 16) is DENIED in its entirety. Plaintiff may move the Court to permit amendment as to Count 3, should he be able to plead facts in support of his retaliation claim.

**IT IS SO ORDERED.**

**DATED: August 11, 2017**

<u>**s/Staci M. Yandle**</u>
**U.S. District Judge**