IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG J. CESAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-1064-SMY-RJD |
| | ) | |
| DOUGLASS ANTHONY KRUSE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff Craig Cesal's Motion for Appointment of an Expert Witness (Doc. 40) and Motion to Seal (Doc. 43). For the reasons set forth below, the Motion to Seal is **GRANTED** and the Motion for Appointment of an Expert Witness is **DENIED**.

Plaintiff Craig Cesal, an inmate in the custody of the United States Bureau of Prisons ("BOP"), brings this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), alleging his constitutional rights were violated while he was incarcerated at Federal Correctional Institution – Greenville ("FCI Greenville"). More specifically, Plaintiff contends he was denied adequate treatment for his diabetes and resulting hypoglycemia. He proceeds in this action on the following claims:

Count One: Defendants Kruse, Schneider, Mills, Kelly, Jolliff, Johnson, Knebel, Ulmer, Kelley, and Bowen were deliberately indifferent to Plaintiff's diabetes in violation of the Eighth Amendment when they refused to adequately treat his condition; and

Count Two: Defendant Schneider was deliberately indifferent to Plaintiff's sciatica when she cancelled his Ibuprofen prescription on September 23, 2014.

On March 14, 2018, one day before the discovery cut-off, Plaintiff filed a motion for appointment of an expert witness. Plaintiff asserts that expert testimony is "required for the Court to fully understand matters related to diabetes treatment, diabetes medication, and diet concerns as they relate to diabetes." Plaintiff further suggests that an expert can interpret medical reports and explain the proper treatment and results of protracted hyperglycemia.

Defendants object to Plaintiff's motion, asserting it is both untimely and unwarranted in light of the claims pending in this action. More specifically, Defendants urge the Court to deny Plaintiff's motion as it came on the heels of the close of discovery and, moreover, because the diabetic treatment and management issues are straightforward and can be decided by the Court on summary judgment without expert input. Indeed, Defendants explain they too have not disclosed an expert to provide opinions regarding the medical treatment at issue in this lawsuit.

Pursuant to Federal Rule of Civil Procedure 706(a), a court may appoint an expert to help sort through conflicting evidence, but it need not appoint an expert for a party's own benefit or to explain symptoms that can be understood by a layperson. *Turner v. Cox*, 569 F. App'x 463, 468 (7th Cir. 2014). Determining deliberate indifference, the issue before the Court here, is generally not so complicated that an expert is required. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). Based on the information now before the Court, it does not appear that expert testimony is warranted as the issues in this case are not particularly complex and do not appear to necessitate an expert's explanation. For these reasons, Plaintiff's Motion for Appointment of an Expert Witness (Doc. 40) is **DENIED**. Plaintiff's Motion to Seal (Doc. 43) is **GRANTED**. The Clerk of Court is directed to seal Defendants' Exhibit A attached to Doc. 41.

**IT IS SO ORDERED.**

**DATED: June 25, 2018**

_s/_ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**