# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG CESAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1064-SMY-RJD |
| | ) |
| DOUGLAS ANTHONY KRUSE, | ) |
| KIM SCHNEIDER, ELIZABETH MILLS, | ) |
| RENNA KELLY, J. JOLLIFF, | ) |
| TASHA JOHNSON, ASHLEY KNEBEL, | ) |
| BETTY ULMER, PAUL KELLEY, and | ) |
| LOUISE BOWEN | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Craig Cesal, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), filed this lawsuit pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), alleging that his constitutional rights were violated while he was incarcerated at Federal Correctional Institution at Greenville, Illinois ("FCI Grenville"). Specifically, Plaintiff alleged medical staff were deliberately indifferent in their treatment of his diabetes and pain.

Defendants moved for summary judgment, arguing the evidence established that Defendants were not deliberately indifferent to Plaintiff's medical condition (Doc. 46). Magistrate Judge Daly issued a Report and Recommendation ("Report") recommending that the undersigned grant Defendants' Motion. Plaintiff did not file an objection (Doc. 55).[1] On February 4, 2019, this

---

[1] Although Plaintiff contends he moved for an extension of time to object, neither the Court nor defense counsel received any such motion.

Court adopted Judge Daly's Report and granted Defendants' Motion for Summary Judgment (*see* Doc. 58).  Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 59).  For the following, the Motion is **DENIED**.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. P. 60(b).  However, relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances.  *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

When neither timely nor specific objections to a Report and Recommendation are made, the Court reviews the Report and Recommendation for clear error.  *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999).  The Court found no clear error in Judge Daly's well-reasoned Report and adopted the Report and Recommendation in its entirety.

Even assuming Plaintiff's objections were considered timely, a *de novo* review would yield the same result.  In his objections, Plaintiff asserts that Judge Daly's findings were erroneous in several respects: (1) he was unable to purchase and was denied cost-free diabetic snacks at FCI Greenville; (2) Defendants were deliberately indifferent to his medical needs by denying him adequate supplies of insulin; and (3) he was denied adequate pain medication for a 2008 spinal injury.

Prison officials have an obligation under the Eighth Amendment to provide adequate medical care to the incarcerated.  *Estelle v. Gamble,* 429 U.S. 97, 103–04 (1976).  A prisoner can show that this obligation has been breached by establishing, first, that the "deprivation alleged [is], objectively, sufficiently serious" and, second, that the depriving official had a "sufficiently culpable state of mind."  *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation

marks omitted) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). This subjective element requires more than a showing of mere negligence or inadvertent error; it demands "the denial or delay of medical care" in the face of "a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm." *Vance,* 97 F.3d at 992 (explaining that Supreme Court has adopted recklessness standard used in criminal law).

There is no question that Type 2 Diabetes presents a serious medical need. However, viewing the evidence in the light most favorable to Plaintiff, the Court agrees with Judge Daly that there was insufficient evidence from which a reasonable jury could conclude the Defendants were deliberately indifferent to Plaintiff's diabetic needs. Plaintiff was able to purchase diabetic snacks from commissary, was provided cost-free snacks in the health care unit when he experienced hypoglycemic events, and his diabetes was consistently monitored over the six months in which it was uncontrolled. Defendants prescribed Plaintiff various types of insulin to control his diabetes and modified his treatment plan at least 17 times in the course of six months to control Plaintiff's blood glucose. Defendants further counseled Plaintiff as to how he could better control his blood glucose with his diet – advice, based on commissary records, that Plaintiff regularly disregarded.

Additionally, the evidence is insufficient to support Plaintiff's claims that he was denied adequate pain medications. Defendant Schneider discontinued Plaintiff's ibuprofen and placed him on Tylenol in an effort to decrease his rising creatine levels in his kidneys caused by continual use of ibuprofen. There is no evidence from which a jury could find that Schneider acted with deliberate indifference to Plaintiff's pain by discontinuing his ibuprofen.

Plaintiff has presented no facts or evidence that would warrant Rule 60(b) reconsideration of the Report and Recommendation. After thoroughly reviewing the record before it, the Court finds Judge Daly's factual findings and analysis to be thorough and accurate. Accordingly,

Plaintiff's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 5, 2019**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**